IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2086-BO

| | | |
|---|---|---|
| DEVON MARQUIS CARTER, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| J. HAYNES, | ) | |
| Respondent. | ) | |

Devon Marquis Carter petitioned this court for a writ of habeas corpus pursuant to 28

U.S.C. § 2254. Before the court is respondent's motion to dismiss based on the statute of

limitations (D.E. # 5) and respondent's motion for summary judgment (D.E. # 11). Petitioner has

responded to both pending motions. (D.E. # 8 and # 20) The matter is ripe for disposition.

Procedural Background

On January 9, 2006, a jury in the Superior Court of Wake County found petitioner guilty

of first-degree murder and four counts of robbery with a dangerous weapon. At trial petitioner

was represented by George E. Kelly, III. He was sentenced to life without parole on the murder

conviction and a consolidated term of 65-87 months for the armed robberies. The armed robbery

sentences were to run concurrently with the life sentence. On June 7, 2007, the North Carolina

Court of Appeals found no prejudicial error in the first-degree murder conviction and life

sentence, but remanded for dismissal of the armed robberies. State v. Carter, 183 N.C. App. 490

(Table ) (June 5, 2007) ("Because the trial court failed to arrest judgment the underlying charge

of robbery with a dangerous weapon of Phillip Taing, we remand for resentencing in accordance

with the felony murder rule."). On appeal petitioner was represented by Marilyn G. Ozer.

Pursuant to the court's order, the Department of Correction terminated petitioner's 65-87 months

consolidated sentence for the four armed robbery convictions effective June 5, 2007.

On November 8, 2007, the Supreme Court of North Carolina dismissed petitioner's notice of appeal and denied discretionary review (PDR). State v. Carter, 361 N.C. 697, 654 S.E.2d 699 (2007). On December 22, 2008, petitioner filed a pro se motion for appropriate relief (MAR) in the Superior Court of Wake County which was denied on May 5, 2009.

## Factual Statement

The North Carolina Court of Appeals summarized the facts from petitioner's trial as follows:

> At trial, the evidence tended to show that Defendant went to Mr. Taing's apartment on 2 December 2004 with four other individuals, on the pretext of purchasing marijuana from Mr. Taing but with the actual intention of robbing him. Three of Defendant's co-defendants testified at his trial, in exchange for a reduction in charges from first to second-degree murder. They stated that Defendant shot and killed Mr. Taing during the course of the robbery at his apartment. The robbery victims corroborated the testimony of Defendant's co-defendants.
>
> Following the robbery and shooting, Defendant went to the house of Michael Weller, who lived close by to Mr. Taing. Mr. Weller testified that he did not know Defendant but allowed him to use his telephone and gave him a jacket and money for a taxi after Defendant told him he had been mugged. After the taxi took him to a nearby convenience store, Defendant encountered an acquaintance from high school and asked him for a ride; Defendant was arrested after his friend's car was pulled over by the police shortly after picking him up.

State v. Carter, 183 N.C. App. 490 (Table) (June 5, 2007)

## Issues

Petitioner raises three claims in this petition: (1) he was penalized at trial for invocation of his right to counsel during interrogation; (2) the trial court's instruction on contradictory or conflicting statements of the defendant allowed the jurors to use defendant's invocation of his right to counsel against him; and (3) the jury's rejection of intent to kill renders a sentence of life without parole a violation of the Eighth Amendment.

2

## Discussion

A.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court's review of Carter's claims is governed by 28 U.S.C. § 2254(d) which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision "involve[s] an unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The factual findings of the state court are presumed to be correct. 28 U.S.C. § 2254(e)(1). The petitioner bears the burden of rebutting this presumption by clear and convincing evidence. Id.

3

B.    Review of Claims

        i. Invocation of petitioner's right to counsel during interrogation

        Petitioner's first claim is that he was penalized at trial for the invocation of his right to

counsel during interrogation.  Specifically, petitioner contends at his criminal trial, he testified on

his own behalf.   During his cross-examination, petitioner contends the State asked a series of

questions concerning invocation of his right to the assistance of counsel before giving a

statement.  While his counsel objected to the line of questioning, the court overruled the

objection, and petitioner asserts he is entitled to habeas relief.

        The claim was raised and adjudicated within the North Carolina Court of Appeals.  The

state court held as follows to the claim:

> Defendant next argues that the trial court erred by allowing questions
> related to his invocation of his right to counsel during interrogation by the
> police, thereby entitling him to a new trial.  We disagree.
>
> In general, a defendant's right to remain silent is protected by the Fifth
> Amendment to the United States Constitution.  See Miranda v. Arizona,
> 384 U.S. 436, 469, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 721 (1966); State v.
> Elmore, 337 N.C. 789, 792, 448 S.E.2d 501, 502 (1994).  Moreover, "[i]t
> |is| fundamentally unfair to impeach defendants concerning their post-
> arrest silence after they had been impliedly assured through the Miranda
> warnings that their silence would not result in any penalty." State v. Lane,
> 301 N.C. 382, 384, 271 S.E.2d 273, 275 (1980).  Nevertheless, "[t]he
> shield provided by Miranda cannot be perverted into a license to use
> perjury by way of a defense, free from the risk of confrontation with prior
> inconsistent utterances." Harris v. New York, 401 U.S. 222, 226, 91 S. Ct.
> 643, 28 L. Ed. 2d 1, 5 (1971).  Thus, as noted by this Court:
>
>> When a defendant chooses to testify in his own behalf, . . ., his 5th
>> amendment right to remain silent must give way to the state's
>> right to seek to determine, by way of impeachment, whether a
>> defendant's prior silence is inconsistent with his trial testimony.
>> The test is whether, under the circumstances at the time of arrest,
>> it would have been natural for defendant to have asserted the same
>> defense asserted at trial.
>
> State v. McGinnis, 70 N.C. App. 421, 424, 320 S.E.2d 297, 300 (1984)
> (citing Lane, 301 N.C. 382, 271 S.E.2d 273).

4

Under North Carolina law, if the trial court's rulings in the instant case violated Defendant's constitutional rights, such error would be considered prejudicial unless the error was harmless beyond a reasonable doubt. N.C. Gen. Stat. § 15A-1443(b) (2005); Elmore, 337 N.C. at 792, 448 S.E.2d at 502; State v. Ladd, 308 N.C. 272, 284, 302 S.E.2d 164, 172 (1983). "The burden is upon the State to demonstrate, beyond a reasonable doubt, that the error was harmless." N.C. Gen. Stat. § 15A-1443(b). Thus, in this case, we consider whether a "reasonable possibility" exists that the reference to Defendant's request for counsel contributed to his conviction, using as "the lynchpin in our analysis . . . whether other overwhelming evidence of guilt was presented against defendant." State v. Rashidi, 172 N.C. App. 628, 639, 617 S.E.2d 68, 76, aff'd per curiam, 360 N.C. 166, 622 S.E.2d 493 (2005). Other factors include how the reference was elicited, whether it was emphasized by the State, and whether the State sought to capitalize on the invocation. Id. (citing Elmore, 337 N.C. at 792-93, 448 S.E.2d at 503). Here, Defendant specifically objects to a line of questions by the State which included references to whether Defendant had received his Miranda warnings while in a room with police officers, as well as a question of whether he had decided to "go with that option to allow for an attorney to be present before [Defendant] made a statement[.]" We conclude that, even assuming arguendo that the questions allowed by the trial court were error, the State has demonstrated that such error would have been harmless beyond a reasonable doubt. At trial, the State presented overwhelming evidence of Defendant's guilt, including the testimony of three of his co-defendants and prior inconsistent statements as to the events of the evening in question. Additionally, the State did not again refer to nor attempt to capitalize on Defendant's invocation of his right to counsel; his cross-examination was the only time that it was mentioned.

In sum, we hold that any error in allowing questions regarding Defendant's Miranda rights was harmless beyond a reasonable doubt. Accordingly, this assignment of error is overruled.

State v. Carter, 183 N.C .App. 490, 645 S.E.2d 231 (Table) (2007).

Comment on the refusal to testify at trial violates a defendant's Fifth Amendment right against self-incrimination. Miranda v. Arizona, 384 469 (1966) and Griffin v. California, 380 U.S. 609, 615 (1965) (holding "that the Fifth Amendment ... forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."). The court shall assume without deciding "[t]he right to counsel is included in the

Miranda warnings, and as such is covered by the implicit assurance that invocation of the right will carry no penalty." United States v. Kallin, 50 F.3d 689, 693 (9th Cir. 1995) (citing United States v. Daoud, 741 F.2d 478, 480-81 (1st Cir.1984)); see also United States v. Ross, 123 F.3d 1181, 1187 (9th Cir.1997) (citing Doyle v. Ohio, 26 U.S. 610, 619 (1976) which holds "We hold that the use for impeachment purposes of petitioners' silence, at the time of arrest and after receiving Miranda warnings, violated the Due Process Clause of the Fourteenth Amendment.").

The Supreme Court, however, has further concluded a Griffin type error does not mandate automatic reversal if it was harmless. Chapman v. California, 386 U.S. 18, 22 (1967); see also United States v. Hasting, 461 U.S. 499, 509 (1983) (Chapman mandates harmless error analysis of Griffin error). In Brecht v. Abrahamson, 507 U.S. 619, 637 (1993), the Supreme Court held that Doyle error does not entitle a petitioner to habeas corpus relief unless it " 'had substantial and injurious effect or influence in determining the jury's verdict.' " 507 U.S. at 622 (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). Petitioner cannot make a showing of substantial and injurious effect or influence given the strong, indeed overwhelming, evidence against him.

The state court adjudication did not result in a decision contrary to, or involve an unreasonable application of clearly established federal law, as determined by the Supreme Court as determined by Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) and/or Chapman v. California, 386 U.S. 18 (1967). Nor was it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

ii. Trial court's instruction allowed jurors to use defendant's (petitioner's) invocation of

his right to counsel again him

The trial court's instruction on contradictory or conflicting statements of petitioner

allowed the jurors to use petitioner's invocation of his right to counsel against him.  The issue

was raised on direct appeal within the North Carolina Court of Appeals.  Specifically, the court

found:

> Defendant also asserts that the trial court erred by giving instructions to the
> jury that improperly focused on his invocation of his right to counsel during
> interrogation by the police. We disagree.
>
> When reviewing instructions to a jury, this Court must consider the charge
> in context, and "isolated portions of it will not be held prejudicial when the
> charge as a whole is correct." State v. Morgan, 359 N.C. 131, 163, 604
> S.E.2d 886, 905 (2004), cert. denied, 546 U.S. 830, 163 L.Ed.2d 79 (2005).
> Indeed, "[i]f the charge as a whole presents the law fairly and clearly to the
> jury, the fact that isolated expressions, standing alone, might be considered
> erroneous will afford no ground for a reversal." Id.
>
> *5 Defendant's argument is closely related to his first assignment of error;
> he contends that charging the jury with N.C.P.I.-Crim. 150-21, False,
> Contradictory, or Conflicting Statements of Defendant, would have focused
> the jury's attention on questions posed by the prosecution concerning his
> interrogation by the police. As given by the trial judge, the relevant portion
> of the jury instruction was:
>
>> The State contends, and the defendant denies, that the defendant
>> made false, contradictory, or conflicting statements. If you find
>> that the defendant made such statements, they may be
>> considered by you as a circumstance tending to reflect the
>> mental process of a person possessed of a guilty conscience,
>> seeking to divert suspicion or exculpate himself, and you should
>> consider that evidence, along with all other believable evidence,
>> in the case.
>
> Given that Defendant's testimony conflicted with what Mr. Weller recounted
> as to the story Defendant told him on the evening of the robbery and murder,
> we conclude that this instruction did, in fact, "present[ ] the law clearly and
> fairly to the jury." We decline to speculate as to other possible interpretations
> the jury might have given to the instructions, when the context and evidence

of the trial supported the trial court's decision to give this instruction. This assignment of error is therefore overruled.

State v. Carter, 183 N.C .App. 490, 645 S.E.2d 231 (Table) (2007).

"It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "Because a state trial court's evidentiary rulings and jury instructions turn on state law, these are matters that are usually beyond the scope of federal habeas review." Perruquet v. Briley, 390 F.3d 505, 511 (7th Cir. 2004); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (A federal court may grant relief based on state jury instruction errors only in extraordinary cases.) In a habeas review, the issue turns on "whether the ailing instruction by itself so infects the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973). "Due process requires the state courts in conducting criminal trials to proceed consistently with 'that fundamental fairness' which is 'essential to the very concept of justice.' " Id. (quoting Lisenba v. California, 314 U.S. 219, 236 (1941)). Petitioner cannot make such a showing here given the strong, indeed overwhelming, evidence against him.

The state court adjudication on the merits is not contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court, nor is it based on an unreasonable determination of facts in light of the evidence.

8

iii. Jury's rejection of intent to kill renders a sentence of life without parole an Eighth Amendment violation

Petitioner's last argument is that the jury's rejection of intent to kill renders a sentence of life without parole a violation of the Eighth Amendment. The contention was raised, adjudicated, and denied on the merits within the direct appeal. The court held as follows:

> Finally, Defendant asserts that the trial court erred by imposing a sentence of life without parole, arguing that such a sentence is unconstitutional because the jury did not find an intent to kill. Defendant essentially asks this Court to find that North Carolina's felony murder rule, mandating a sentence of life in prison without parole, is cruel, excessive, and unusual. In light of the extensive statutory law and judicial precedent supporting the constitutionality of such sentences, we decline to do so. This assignment of error is without merit and accordingly overruled.

State v. Carter, 183 N.C. App. 490, 645 S.E.2d 231 (Table) (2007).

To begin the analysis, the court recognizes that a state court is not required to cite federal law. Early v. Packer, 537 U.S. 3, 8 (2002) ("Avoiding [the pitfalls of 28 U.S.C. § 2254(d)(1)] does not require citation of [Supreme Court] cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them"); Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000). In assessing the reasonableness of the state court's application of federal law, the federal courts are to view the results that the state court reached, not 'whether [its decision] [was] well reasoned.'" Wilson v. Ozmint, 352 F.3d 847, 855 (4th Cir. 2003) (quoting Bell, 236 at 159). Furthermore, a petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision. Woodford v. Viscotti, 537 U.S. 19, 25 (2002).

The Supreme Court, in Enmund v. Florida, 458 U.S. 782 (1982), held the Eighth Amendment prohibits a sentence of death for a defendant who aided and abetted in the commission of a felony but did not kill or attempt to kill the victim, i.e. felony murder. Tison v.

9

Arizona, 481 U.S. 137, 159 (1987), later held the Eighth Amendment allows execution of a person, who did not kill or attempt to kill, but was a "major participant in the felony committed" and who demonstrated "reckless indifference to human life." The Supreme Court has not extended the principles of Enmund/Tison outside that of capital cases. Harmelin v. Michigan, 501 U.S. 957, 995-996 (1991). Furthermore, there is no proportionality guarantee, Harmlin, 501 U.S. at 965, "[r]ather, [the Eighth Amendment] forbids only extreme sentences that are 'grossly disproportionate' to the crime." Id. at 1001. Such challenges are "exceedingly rare." Rummel v. Estelle, 445 U.S. 263, 272 (1980). This case does not rise to such a level. See Campbell v. Superintendent Hathaway, No. 5:07-HC-2001-FL (E.D.N.C. June 22, 2007) (J. Flanagan) (unpublished); see Ewing v. California, 538 U.S. 11 (2003); and see Lockyer v. Andrade, 538 U.S. 63 (2003).

The court of appeals holding did not reach a result contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court, nor is based on an unreasonable determination of facts, in light of the evidence presented in state court.

## Certificate of Appealability

Summary judgment concludes the matter. Therefore, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") Thus, the court reviews whether petitioner is entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have

10

been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. The certificate of appealability is denied.

## Conclusion

For the above stated reasons, respondent's motion for summary judgment is ALLOWED (D.E. # 11), respondent's motion to dismiss is DENIED as MOOT (D.E. # 5), and the certificate of Appealability is DENIED.

SO ORDERED, this the 26 day of August 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

11